# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### IDIANAPOLIS DIVISION

KUN DUAN,

                            Plaintiff,

                            v.

M X PAN INCORPORATED
   d/b/a Formosa Seafood Buffet;
SIU WONG PING
     a/k/a Siuwong Ping, and
     a/k/a Peter Pan;
MIN XIU DONG
     a/k/a Minxiu Dong

                    Defendants.

**Case No. 23-cv-00752**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff KUN DUAN (hereinafter referred to as "Plaintiff" or "Duan"), by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants M X PAN INCORPORATED d/b/a Formosa Seafood Buffet (hereinafter referred to as "Corporate Defendant"); SIU WONG PING a/k/a Siuwong Ping and a/k/a Peter Pan and MIN XIU DONG a/k/a Minxiu Dong (hereinafter collectively referred to as "Individual Defendants") (collectively with Corporate Defendant referred to as "Defendants") and allege as follows:

## INTRODUCTION

1.     KUN DUAN brings this action on behalf of himself for violation of Section 215 of the FLSA and Title 22 of the Indiana Code arising from Defendant SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan's willful, malicious, and unlawful retaliation against plaintiff.

2.     KUN DUAN alleges pursuant to Section 215 and 216 of the FLSA that they are entitled to any such legal and equitable relief as may be appropriate to effectuate the purpose of Section 215 of the FLSA.

3.      KUN DUAN alleges pursuant to Title 22, Section 5 of the Indiana Code that he is entitled to (1) restraining further violations of Title 22, Section 5 by Defendant Siu Wong Ping a/k/a Siuwong Ping a/k/a Peter Pan directly or indirectly, (2) enjoining further violations of Title 22, Section 5 by Defendant Siu Wong Ping a/k/a Siuwong Ping a/k/a Peter Pan directly or indirectly, and (3) ordering payment of damages, costs and attorneys' fees.

**JURISDICTION AND VENUE**

4.      This court has subject matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

5.      The Court has supplemental jurisdiction over KUN DUAN's claims under section 1367, Subsection (a) of Title 28 of the United Sates Code.

6.      Venue is proper in the Southern District of Indiana, Indianapolis Division pursuant to Section 1391, Subsection (b) and (c) of Title 28 of the United State Code, because Defendants conduct business in the Indianapolis Division and because the acts and omissions giving rise to the claims alleged herein took place within the Indianapolis Division.

**PLAINTIFF**

7.      Plaintiff KUN DUAN was employed by Defendants from on or about May 23, 2021, to October 3, 2022, to work as a Fry Wok at Defendants' restaurant known as "Formosa Seafood Buffet" located at 6304 E 82nd St, Indianapolis, IN 46250.

**DEFENDANTS**

*Corporate Defendant*

8.      M X PAN INCORPORATED d/b/a Formosa Seafood Buffet is a domestic business corporation with a registered address at 5998 Hollythorn Pl., Carmel, IN, 46033 and

a principal place of business at 6304 East 82nd Street, Indianapolis, IN 46032.

9. M X PAN INCORPORATED d/b/a Formosa Seafood Buffet during the period relevant to KUN DUAN's employment was a business with a gross amount revenue in excess of $500,000.00 per year.

10. M X PAN INCORPORATED d/b/a Formosa Seafood Buffet is a business engaged in interstate or foreign commerce.

11. M X PAN INCORPORATED d/b/a Formosa Seafood Buffet is a business that employed more than ten (10) employees.

*Owner/Operator Defendants*

12. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan is the owner, manager, registered agent, and secretary for M X PAN INCORPORATED d/b/a Formosa Seafood Buffet.

13. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan acted willfully, intentionally, and maliciously and is an employer within the meaning of FLSA, the Indiana Code and IMWL and is jointly and severally liable with Corporate Defendant.

14. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan is the manager for M X Pan Incorporated and to KUN DUAN as Peter Pan was an active day-to-day manager at Corporate Defendant.

15. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan hired KUN DUAN.

16. In addition to Plaintiff, SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan also hired a chef, with the surname SHI and a Spanish-speaking staff member for Formosa Seafood Buffet.

17. KUN DUAN reported to SIU WONG PING a/k/a Siuwong Ping a/k/a Peter

Pan.

18. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan supervised KUN DUAN.

19. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan would provide KUN DUAN with his weekly schedule.

20. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan paid KUN DUAN.

21. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan throughout the period of plaintiff's employment had the power to hire and fire employees, including plaintiff, determine the schedule and conditions of employment for all the workers who worked, including plaintiff, determined the pay rates for each of the employees and paid the employees, including plaintiff, and kept records for Corporate Defendant.

22. SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan acted willfully, intentionally, and maliciously and is an employer within the meaning of FLSA, the Indiana Code and IMWL and is jointly and severally liable with Corporate Defendant.

23. MIN XIU DONG a/k/a Minxiu Dong throughout KUN DUAN's employment was an active day-to-day manager and was known to KUN DUAN as 'Lady Boss'.

24. MIN XIU DONG a/k/a Minxiu Dong worked in the front desk at Formosa Seafood Buffet.

25. As the "Lady Boss" and another day-to-day manager, MIN XIU DONG a/k/a Minxiu Dong supervised KUN DUAN.

26. MIN XIU DONG a/k/a Minxiu Dong throughout plaintiff's employment had the power to hire and fire employees, determine the schedule and condition of employment for all the workers who worked; determined the pay rates for each of the employees and kept

records for corporate defendant.

## STATEMENT OF FACTS

27. On December 5, 2022, plaintiff filed a complaint against Defendants in the Southern District Court of the State of Indiana, that case is titled *Kun Duan v. M X PAN INCORPORATED et al, 22-cv-02333*.

28. After the commencement of that lawsuit, on or about Wednesday, February 15, 2023, SIU WONG PING a/k/a Siuwong Ping a/k/a Peter Pan threatened Plaintiff via a third party.

29. A true copy of the exchange is included as an Exhibit to the Complaint. ***See*** **Exhibit 1 Threatening WeChat Message with Translation**.

30. Specifically, Defendant SIU WONG PING threatened to blacklist Plaintiff through the U.S.-China Restaurant Alliance Listserv, and specifically to defame Plaintiff and ensure that he will not be able to find a job within the Chinese-American circles such that "either the fish dies or the net gets torn," meaning that it will be a "life-or-death struggle."

31. Defendant PING further threatened to report Plaintiff to prosecution and to the tax authorities, in retaliation for the lawsuit, if he chose to continue to prosecute his case.

32. As a consequence of this conversation plaintiff had with the mutual friend, plaintiff Kun Duna is deeply fearful for his and his family's life.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violation of the Fair Labor Standards Act—Retaliation for Protected Activity Brought on behalf of Plaintiff against Defendant Siu Wong Ping]**

33. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34.     Section 215(a)(3) of the FLSA provides, in relevant part, that it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter."

35.     Plaintiffs have been subjected to adverse and discriminatory actions, including the threat of being reported to the IRS, being blacklisted from the Chinse Restaurant Association and having to expand additional time and resources on having to defend a criminal matter.

36.     Retaliation has been a motivating factor in the adverse action taken against Plaintiff.

37.     Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title."

38.     Defendants knowingly, willfully and maliciously retaliated against Plaintiffs for filing the lawsuit.

## COUNT II.
**[Violation of the Indiana Code Title 22, Article 5—Blacklisting Brought on behalf of Plaintiff]**

39.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40.     Indiana Code §22-5-3-1(a) states, A person who, after having discharged any employee from his service, prevents the discharged employee from obtaining employment with any other person commits a Class C infraction and is liable in penal damages to the discharged employee to be recovered by civil action; but this subsection does not prohibit a person from informing, in writing, any other person to whom the discharged employee has

applied for employment a truthful statement of the reasons for the discharge.

41.     Plaintiff has been subjected to blacklisting by defendants for defendants have stated that should plaintiff not withdraw his lawsuit they will spread his name in a bad light to the Chinse Restaurant Association and therefore plaintiff would be unable to obtain a job at a Chinse restaurant.

42.     The blacklisting has been a motivating factor in the adverse action taken against plaintiff.

43.     Indiana Code §22-5-3-1(c) states, Upon written request by the prospective employee, the prospective employer will provide copies of any written communications from current or former employers that may affect the employee's possibility of employment with the prospective employer. The request must be received by the prospective employer not later than thirty (30) days after the application for employment is made to the prospective employer.

44.     Defendants knowingly, willfully and maliciously retaliated against plaintiff for filing this lawsuit.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully requests that this Court enter a judgment providing the following relief:

a)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and Indiana State Law;

b)     An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c)        An award of unpaid minimum wage and overtime wages due under FLSA and

Indiana Minimum Wage Law due Plaintiff plus compensatory and liquidated damages;

d)        An award of liquidated and/or punitive damages as a result of Defendants'

knowing, willful, and malicious failure to pay wages at least the hourly minimum wage,

overtime compensation pursuant to 29 U.S.C. §216;

e)        The cost and disbursements of this action;

f)        An award of prejudgment and post-judgment fees;

g)        Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: May 2, 2023
Flushing, New York

TROY LAW, PLLC
41-25 Kissena Blvd, Suite 110
Flushing, NY 11355
*Attorneys for the Plaintiff, proposed FLSA*
*Collective and potential Rule 23 Class*
/s/ John Troy
John Troy
Aaron Schweitzer
Tiffany Troy