**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**
-----------------------------------------------------------X
KUN DUAN
*on his own behalf and on behalf of others simularly situated*

                              *Plaintiff*,

                        v.

M X PAN INCORPORATED
    d/b/a Formosa Seafood Buffet
SIU WONG PING
    a/k/a Siuwong Ping
    a/k/a Peter Pan
MIN XIU DONG
    a/k/a Minxiu Dong

                      Defendants.
-----------------------------------------------------------X

Case No. 23-cv-00752

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT**

---

TROY LAW, PLLC
*Attorneys for the Plaintiffs, and proposed Rule 23 Class*
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel:    (718) 762-1324

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................................ ii
**BACKGROUND** ............................................................................................................................ 1
**ARGUMENT** ................................................................................................................................. 3
    **I.   Plaintiff Is Entitled to Default Judgement** ....................................................................... 3
    **II.  Plaintiff is entitled to the Damages that he Requests in his Damage Calculation and Proposed Order** ................................................................................................................. 5
**CONCLUSION** .............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

## CASES

*Abrego v. Wilkie*, 907 F.3d 1004, 1015 (7th Cir. 2018) ............................................................. 7
*Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995) ..................... 8
*Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) ..................................................................... 3
*Blackburne & Sons Realty Cap. Corp. v. Anderson*, No. 18-CV-1115-NJR-RJD, 2019 U.S. Dist. LEXIS 243669, 2019 WL 13204223, at \*1 (S.D. Ill. Jan. 16, 2019) ............................................. 4
*Calderon v J. Younes Constr. Llc & John Younes*, LLC, 2013 US Dist LEXIS 87817 [ND Ill June 23, 2013, No. 12 C 3793] ............................................................................................................ 8
*Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) 3
*Gracia v. SigmaTron Int'l, Inc.*, 842 F.3d 1010, 1021 (7th Cir. 2016) .......................................... 7
*Grinnell Mut. Reinsurance Co. v. Saldeen*, No. 21-CV-2148, 2022 U.S. Dist. LEXIS 238542, 2022 WL 18779999, at \*2 (C.D. Ill. Mar. 23, 2022) ................................................................... 3
*Hurston v Indiana Gaming Co. LLC*, 2023 US Dist LEXIS 88852 [SD Ind May 22, 2023, No. 1:19-cv-04890-TWP-TAB] ......................................................................................................... 8
*Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 972 (7th Cir. 2012) .......... 5
*Lesiv v. Illinois Cent. R.R. Co.*, 39 F.4th 903, 912 (7th Cir. 2022) .............................................. 6
*Mays v Rubiano, Inc.*, 560 F Supp 3d 1230 [ND Ind 2021] ........................................................ 5
*Michalek v Vil. of Sugar Grove*, 2020 US Dist LEXIS 258797 [ND Ill Dec. 14, 2020, No. 20-cv-3434] ............................................................................................................................................. 7
*Miller v Madison County Bd. of Commrs.*, 2023 US Dist LEXIS 61465 [SD Ind Apr. 7, 2023, No. 1:21-cv-02609-JMS-MJD] ............................................................................................................ 7
*Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016) ......................................................... 6
*Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999) ........................................................... 5
*Shea v. Galaxie Lumber & Const. Co., Ltd.*, 152 F.3d 729, 735 (7th Cir. 1998) ........................ 7
*Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111-12 (7th Cir. 1990) ............... 8
*Travis v. Gary Community Mental Health Center, Inc.*, 921 F.2d 108, 112 (7th Cir. 1990) ....... 7
*UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006) ............................ 4
*United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989) ................................................ 3
*W. Div. Nautilus Ins. Co. v. Front Range Env't, LLC*, No. 14 CV 50083, 2014 U.S. Dist. LEXIS 124135, 2014 WL 4414516, at \*2 (N.D. Ill. Aug. 6, 2014) .......................................................... 4
*W. World Ins. Co. v. Frieden*, No. 416CV04038SLDJEH, 2018 U.S. Dist. LEXIS 230533, 2018 WL 9880231, at \*6 (C.D. Ill. July 18, 2018) ................................................................................ 3
*Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) .................................... 8
*Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) ..................................................................... 3
*Williams v Help at Home, LLC*, 2024 US Dist LEXIS 72293 [SD Ill Apr. 19, 2024, No. 3:23-cv-2578-MAB] .................................................................................................................................. 6

## STATUTES

29 U.S.C. § 215(a)(3) .................................................................................................................... 5
29 U.S.C. § 216(b) ..................................................................................................................... 7, 8

## RULES

Fed. R. Civ. P. 12(a)(1)(A)(i) ................................................................................................... 3
Fed. R. Civ. P. 54(d)(1) ............................................................................................................. 8
Fed. R. Civ. P. 55(a) ................................................................................................................. 3
Fed. R. Civ. P. 55(b)(2) ............................................................................................................ 4

**PRELIMINARY STATEMENT**

Plaintiff Kun Duan, by and through his attorney, Troy Law, PLLC, bring this Memorandum of Law in Support of their Motion for Default against defendants. The court should find that defendants have failed to appear in the above referenced case after being provided sufficient notice of the lawsuit against them. As a result of their failure to answer or otherwise move with respect to plaintiff's complaint, the court should find that plaintiff is entitled to default judgement. In addition, the court should find that plaintiffs are entitled to the damages they seek against defendants for the retaliation against plaintiff. As explained below, the court should find that defendants actions towards plaintiff fit the three-prong test to prove retaliation and therefore plaintiffs should be entitled to his retaliation damages he seeks.

**BACKGROUND**

I. **Plaintiff's Employment with Defendants**

Plaintiff was employed by defendants as a Fry Wok from May 23, 2021, to October 3, 2023, at their restaurant Formosa Seafood Buffet located at 6304 E 82nd Street Indianapolis, IN 46250. Plaintiffs was hired by defendant Siu Wong Ping and both Siu Wong Ping and his wife Min Xiu Dong, known to plaintiff as the "Lady Boss", supervised plaintiff. In addition, plaintiff was paid by defendant Siu Wong Ping during his employment with defendants.

From May 23, 2021, to September 30, 2021, plaintiffs regular schedule ran for an average of seventy-five (75) hours per week. From October 1, 2021, to October 3, 2022, plaintiff's regular schedule ran for an average of sixty-six (66) hours per week. From May 23, 2021, to May 31, 2022, plaintiff was paid a flat compensation at a rate of four thousand dollars ($4,000.00) per month. From June 1, 2022, to October 3, 2022, plaintiff was paid a flat compensation of four thousand five hundred dollars ($4,500.00) per month.

II.  **Plaintiffs Retaliation Claims and Procedural History of Case**

   a.  **Plaintiffs Retaliation Claims**

On December 5, 2022, plaintiff commenced an action against defendant's M X Pan Incorporated; Siu Wong Ping; and Min Xiu Dong (Hereinafter referred to as "Defendants") due to their failure to pay plaintiff within the provisions of the Federal Labor Standards Act and Indiana Code. On or around February 15, 2023, plaintiff had received threatening messages from defendant Siu Wong Ping through a third party. Specifically, the messages had stated that he would blacklist plaintiff in the U.S.-China Restaurant Alliance Listserv and defame plaintiff from possibly obtaining another job in the restaurant industry. In addition, defendant Siu Wong Ping stated that he would report plaintiff to the IRS for tax fraud and prosecute a claim against him if he continued with his wage and hour lawsuit with defendants.

Since plaintiff's employment with defendant, plaintiff has been able to obtain one job at another Chinese Restaurant that he began working at in August 2023. Although plaintiff has retained another job, plaintiff's earnings are almost half the amount that he used to earn with defendants. As opposed to earning four thousand and four thousand five hundred dollars with defendants, plaintiff only now makes between two thousand five hundred dollars ($2,500.00) and three thousand dollars ($3,000.00) per month.

   b.  **Procedural History**

Plaintiff filed a Complaint against defendants on May 2, 2023, alleging Retaliation pursuant to Section 215 and 216 of the Federal Labor Standards Act (FLSA) and Title 22 of the Indiana Code. *See* Dkt. No. 1. The summons was issued against the defendants on May 7, 2023, and defendants were served with the summons and complaint on May 20, 2023, by serving a summons and complaint on defendants Min Xiu Dong and affidavit of service were filed on May

20, 2023. *See* Dkt. No, 7-9. Defendants' time to move or answer with respect to plaintiffs' complaint was until and included June 20, 2023. On June 20, 2023, defendants failed to file an answer or move with respect to plaintiffs' complaint and did not request for an extension of time to do so. On August 29, 2023, plaintiffs requested for Clerks Certificate of Default against Defendants for their failure to move with respect to plaintiffs' complaint and was granted their Clerks Entry of Default on September 25, 2023. *See* Dkt. No. 15. (Clerks Entry of Default). As plaintiff present this motion to the court, defendants have not filed any answer as to plaintiffs complaint or appeared in the above referenced matter.

## ARGUMENT

### I.     Plaintiff Is Entitled to Default Judgement

A defendant must file its answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). A defendant who fails to do so may be found in default under Fed. R. Civ. P. 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff as to each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and may not be contested. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *in accord Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012); *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."). "It is well-settled that the court has authority to enter declaratory judgments as well as default judgments for money damages." *See, Grinnell Mut. Reinsurance Co. v. Saldeen*, No. 21-CV-2148, 2022 U.S. Dist. LEXIS 238542, 2022 WL 18779999, at *2 (C.D. Ill. Mar. 23, 2022); *W. World Ins. Co. v. Frieden*, No. 416CV04038SLDJEH, 2018 U.S. Dist. LEXIS 230533, 2018 WL 9880231, at *6 (C.D. Ill. July 18, 2018); *W. Div. Nautilus Ins. Co. v. Front Range Env't, LLC*, No. 14 CV 50083,

2014 U.S. Dist. LEXIS 124135, 2014 WL 4414516, at *2 (N.D. Ill. Aug. 6, 2014). Here in this case, defendants have failed to respond or move with respect to plaintiff's complaint and the time to do has expired. Further, the court has already found that defendants are in default for the court granted plaintiff's Request for Certificate of Default against defendants in the above referenced matter. Therefore, plaintiff has met the first part of getting a Default Judgement under Rule 55(a).

Turning to the next step of obtaining a default judgement, Default judgment pursuant to Rule 55(b)(2) must be entered by the Court, and the Court may conduct a hearing if it needs to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). To procure a default judgment under Rule 55(b)(2) plaintiff must establish: "(1) when and against what party the default was entered; (2) identification of the pleading as to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2)." *See Blackburne & Sons Realty Cap. Corp. v. Anderson*, No. 18-CV-1115-NJR-RJD, 2019 U.S. Dist. LEXIS 243669, 2019 WL 13204223, at *1 (S.D. Ill. Jan. 16, 2019) (citing *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006)). Here the court should find that plaintiff meets the five parts of this test to establish that they are entitled to Default Judgement under Rule 55(b)(2). As stated in the procedural history, plaintiff has already obtained a Default Entry against defendants by the Clerk granting, plaintiffs request of Certificate of Default on September 25, 2023. *See* Dkt. No. 15. In addition, in the Clerks Entry of Default it clearly lays out that defendants have failed to answer or move with respect to plaintiffs' complaint after being served with the complaint. The court should find that defendants are neither infants, incompetent or part of the

4

military services during the pendency of this action and further that defendants have been provided sufficient notice that their failure to respond to plaintiffs complaint would result in Default.

> **II. Plaintiff is entitled to the Damages that he Requests in his Damage Calculation and Proposed Order**

Here in this case, plaintiff seeks damages in the form of lost wages as a result of the Retaliatory Actions of the defendants towards Plaintiff and the court should find that plaintiff is entitled to those damages. FLSA makes it unlawful for a person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [FLSA]." 29 U.S.C. § 215(a)(3). This statute applies to persons even if they are not covered under the wage statute, as here. *See Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999). To establish FLSA retaliation liability, a plaintiff must prove that (1) she engaged in protected activity; (2) suffered an adverse employment action; and (3) that a causal link existed between the protected expression and adverse action. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 972 (7th Cir. 2012). (*Mays v Rubiano, Inc.*, 560 F Supp 3d 1230 [ND Ind 2021]). Here the court should find that plaintiff meets the three points to prove he was retaliated against.

The protected activity that plaintiff was engaged in was that plaintiff filed a Complaint to the United States District Court as a result of Defendants failing to pay plaintiff all his wages. As plaintiff states in his complaint on or around December 5, 2022, plaintiff filed his complaint against defendants. *See* Exhibit 1, ¶27. Courts have found that plaintiff's filing of a complaint is sufficient to show that they were part of protected activity. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 972 (7th Cir. 2012). Turning to the suffering of an adverse action, plaintiff being threatened by defendants to be blacklisted in the US China Restaurant Alliance and defendants further stating that defendants will report plaintiff to the tax authorities should all count

5

as a adverse employment action. Materially adverse actions are defined as those in which a "reasonable employee would find to be materially adverse such that the employee would be dissuaded from engaging in the protected activity." *Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016). The actions must rise above "trivial harms," such as "petty slights or minor annoyances that often take place at work and that all employees experience," which do not qualify as materially adverse. *Lesiv v. Illinois Cent. R.R. Co.*, 39 F.4th 903, 912 (7th Cir. 2022). Adverse employment actions include termination, demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, and significantly diminished material responsibilities. *Barker*, 18 F. App'x. at 398. (*Williams v Help at Home, LLC*, 2024 US Dist LEXIS 72293 [SD Ill Apr. 19, 2024, No. 3:23-cv-2578-MAB]). Defendants actions towards plaintiff fall directly in Material Adverse actions for defendants stating that they would blacklist plaintiff from other Chinese restaurant would harm plaintiff for he would not be able to obtain a job which in turn would make it difficult for plaintiff to provide for himself. In addition defendants stating that they would blacklist plaintiff would lead to plaintiff having a loss of benefits in being able to obtain a job in a more comfortable environment that plaintiff would be used to. Finally turning to the link between the adverse action and protected action, plaintiff has sufficiently established that adverse actions that plaintiff would be receiving were in direct relation to him filing his complaint against defendants. Causation may be shown through direct evidence, which "would entail something akin to an admission by the employer ('I'm firing you because you had the nerve to accuse me of sex discrimination!')." *O'Leary*, 657 F.3d at 630-31. Causation can also be established by "circumstantial evidence, which includes, for example, 'suspicious timing, a pretextual explanation for the termination, and evidence that similarly situated employees were treated differently.' This list is not exclusive; the plaintiff can point to any 'other evidence from which an inference of

6

discriminatory intent might be drawn.'" *Abrego v. Wilkie*, 907 F.3d 1004, 1015 (7th Cir. 2018) (quoting *Gracia v. SigmaTron Int'l, Inc.*, 842 F.3d 1010, 1021 (7th Cir. 2016)). (*Miller v Madison County Bd. of Commrs.*, 2023 US Dist LEXIS 61465 [SD Ind Apr. 7, 2023, No. 1:21-cv-02609-JMS-MJD]) As plaintiff states in his complaint and affidavit in Support of his Motion for Default, defendants threatened plaintiff through WeChat messages as a result of his filing of the complaint against defendants. Further, one of plaintiff's friends told plaintiff about the defendants plan to retaliate against the plaintiff as a result of him filing his case against the defendants. As Defendants provide no counter to plaintiff statements and therefore the court should find that plaintiff has sufficient shown the connection between the adverse employment and the protected activity that plaintiff engaged in.

     As plaintiff has proven above that he was retaliated against, plaintiff should be entitled to the lost wages that he has encountered as a result of defendant's actions. The FLSA provides that "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The Seventh Circuit has interpreted "legal relief" as used in this provision to include punitive damages. *See Travis v. Gary Community Mental Health Center, Inc.,* 921 F.2d 108, 112 (7th Cir. 1990) ("Compensation for emotional distress, and punitive damages, are appropriate for intentional torts such as retaliatory discharge."); *see also Shea v. Galaxie Lumber & Const. Co., Ltd.*, 152 F.3d 729, 735 (7th Cir. 1998) ("This court has interpreted the words 'legal or equitable relief' to include punitive damages under the FLSA."). (*Michalek v Vil. of Sugar Grove*, 2020 US Dist LEXIS 258797 [ND Ill Dec. 14, 2020, No. 20-cv-3434]). A prevailing plaintiff on a FLSA retaliation

claim may recover lost wages, an equal amount as liquidated damages, and other types of compensatory damages, such as for emotional distress, and punitive damages. *See* 29 U.S.C. § 216(b); *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995) (citing *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111-12 (7th Cir. 1990)). (*Calderon v J. Younes Constr. Llc & John Younes*, LLC, 2013 US Dist LEXIS 87817 [ND Ill June 23, 2013, No. 12 C 3793]). As expressed in plaintiff's damage calculation, plaintiff seeks the lost wages that plaintiff would have earned if he was still working with defendants along with Liquidated damages under the FLSA. Plaintiff has sufficiently proven that he was retaliated against from defendants and as a result, plaintiff should be entitled to the damages that appear on the damage calculation at Exhibit 7.

Along with the damages that plaintiff seeks in his damage calculation, plaintiff additionally seeks attorney fees and costs and the breakdown of such can be found at Exhibit 8. "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates "a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined--the court must award costs unless it states good reasons for denying them." *Id.* Absent a showing of clear abuse of discretion, a district court's award of costs will not be overturned "[a]s long as there is statutory authority for allowing a particular item to be taxed as a cost." *Id.* (*Hurston v Indiana Gaming Co. LLC*, 2023 US Dist LEXIS 88852 [SD Ind May 22, 2023, No. 1:19-cv-04890-TWP-TAB]). As plaintiff would be the

8

prevailing party in the above referenced case, plaintiff should be entitled to attorney fees and costs that he outlines in his fee invoice attached to this motion.

## **CONCLUSION**

For the reasons stated above, plaintiff respectfully request the court to grant plaintiffs Default Judgement in the amount that plaintiff requests on their Proposed Order against defendants jointly and severally.

Dated:   September 10, 2024
         Flushing, New York

                                             Respectfully submitted,

                                             TROY LAW, PLLC.

                                    By:   /s/  John Troy
                                                 John Troy

*JT/gd*